# F. M. Fletcher, Appellee, v. W. E. Duncan et al., Appellants.

1. ROADS AND BRIDGES—*when petition for opening of road confers jurisdiction upon commissioners.* Held, that the petition in question in this case sufficiently alleged that the petitioner was directly interested in the opening of the road in question.

2. ROADS AND BRIDGES—*when notices of meeting of commissioners to consider petition for laying out of road presumed sufficient.* Where a case is heard upon stipulation that notice was given of the filing of a petition for the opening of a road and that written notice was given of the time and place when the commissioners would meet to consider the prayer of such petition, it will be presumed on review

that the notices referred to in such stipulation were in conformity with the statute.

3. ROADS AND BRIDGES—*when order upon mandamus requiring opening of road sufficiently specific.* *Held,* in this case, that the order set forth in the opinion entered pursuant to a petition for mandamus was sufficiently specific to require the commissioners of highways to open the road in question.

4. MANDAMUS—*when awarded requiring highway commissioners to open road.* A mandamus will be issued requiring highway commissioners to open a road where it appears that all the preliminary steps required by statute have been had and that it only remains for such commissioners to consummate the necessary proceedings for opening the road by obeying the mandates of the writ.

Mandamus. Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed December 13, 1911.

S. H. CUMMINS, for appellant.

SMITH & FRIEDMEYER, for appellee.

**Per Curiam.** This is an appeal from an order of the Circuit Court of Sangamon county, entered in a proceeding for mandamus, directing the appellants, W. E. Duncan, John Edwards and A. H. Hughes, Commissioners of Highways of Buffalo Hart Township, and their successors in office, forthwith to meet in session and enter upon their records the proper orders for opening a road 20 feet in width, for private and public use, over the lands of Noah M. Cass, therein particularly described and located.

It is first urged that the petition for the proposed road did not confer any jurisdiction upon the highway commissioners over the subject-matter, for the reason that it is not therein alleged that the petitioner is directly interested. The petition alleges that the petitioner is the owner of certain described ten acres of land; that he resides thereon with his wife and child, and that said land is not connected with any private or

public road.   The facts alleged sufficiently make it appear that the petitioner was directly interested in the opening of the proposed road, and his statement that he was "directly interested" would have added nothing to the effectiveness of the petition.

It is further urged that there is no evidence of any attempt to comply with the statute in respect to posting notices of the time when and the place where the commissioners would meet to consider the petition for the laying out of the road.   Appellants have apparently overlooked the fact that they stipulated in open court that they gave notice of the filing of the petition for the opening of the road in question, and that written notice was given of the time and place when they would meet to consider the prayer of said petition.   The cause was heard in part upon such stipulation and it must be held that the notices so generally stipulated to have been given were in conformity with the statute.

Complaint is made that the order of the court requiring the appellants to open the road is not sufficiently specific.   The order designates "a road for private and public use over the lands of Noah M. Cass, twenty feet wide and described and located as follows:   Beginning at a point 44 rods south and 40 rods west from the northeast corner of Section 29 in Buffalo Hart Township, in the County of Sangamon, in the State of Illinois, and running thence west along the line of the lands of Noah M. Cass and Lewis Cass, 40 rods, more or less, to a public highway; thence south 20 feet; thence east 40 rods, more or less, to the lands of F. M. Fletcher; thence north 20 feet along the lands of Noah M. Cass and F. M. Fletcher to the place of beginning, connecting the lands of F. M. Fletcher with a public highway."

This description of the road appears in all of the proceedings had for its establishment, and is sufficiently specific to meet all requirements.

All of the preliminary steps relating to the location and description of the road, the acquiring of title thereto, including the ascertainment and tender of damages therefor, appear to have been properly executed, and it only remains for appellants to consummate the necessary proceedings for opening the road by obeying the mandates of the writ.

We perceive no error in the record and the judgment of the Circuit Court is affirmed.

*Affirmed.*